UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GLENDA GAY** | **CASE NO. 2:23-CV-00041** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LOWES HOME CENTERS L L C** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 21] filed by defendant Lowe's Home Centers, LLC ("Lowe's"), seeking dismissal of plaintiff's negligence claims. Plaintiff Glenda Gay opposes the motion. Doc. 24.

### I.
#### BACKGROUND

This suit arises from injuries plaintiff sustained while shopping in the Outdoor Lawn & Garden Department at Lowe's Home Center in Lake Charles, Louisiana. Doc. 1, att. 2, ¶ 2. Specifically, plaintiff alleges that she tripped over a garden hose that was exposed while an employee was watering flowers in that section of the store. *Id.* She filed suit against Lowe's in state court and Lowe's removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Lowe's now moves for summary judgment, arguing that plaintiff cannot prevail on her negligence claim because the hose was an open and obvious hazard that plaintiff should have been able to avoid without difficulty. Doc. 21. Plaintiff opposes the motion. Doc. 24.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *E.g.*, *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6. To prevail, a plaintiff must prove the following (in addition to all other elements of his claim): (1) a condition on the premises presented an unreasonable risk of harm; (2) this harm was reasonably foreseeable; (3) the merchant either created or had actual or constructive notice of the condition; and (4) the merchant failed to exercise reasonable care. La. Rev. Stat. § 9:2800.6(B); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).

A condition does not present an unreasonable risk of harm under the first element if it is an open and obvious risk. *Thibodeaux v. Home Depot USA, Inc.*, 816 F. App'x 988, 990 (5th Cir. 2020) (citing *Broussard v. State ex rel. Office of State Bldgs.*, 113 So.3d 175, 184 (La. 2013)). This inquiry "is objective, looking to whether the condition is obvious to all who may encounter it and not to whether the plaintiff had actual knowledge of the condition." *Id.* Additionally, Louisiana courts use a risk-utility balancing test to determine whether a condition is unreasonably dangerous. *Pryor v. Iberia Par. Sch. Bd.*, 60 So.3d 594, 597 (La. 2011). The court must balance the following four factors: (1) the utility of the thing; (2) the likelihood and magnitude of harm, including the obviousness of the condition; (3) the cost of preventing the harm; and (4) the nature of plaintiff's activities in

terms of social utility, or whether these activities are dangerous by nature. *Id.* (citing *Pitre v. La. Tech. Univ.*, 673 So.2d 585 (1996)).

Plaintiff testified that she was shopping with her friend, Hilda Stewart, and that she (plaintiff) was a frequent customer at that Lowe's store. Doc. 22, att. 1, p. 56. The garden center is outdoors and plaintiff's visit occurred during the daytime. *Id.* at 59–60. Plaintiff and Ms. Stewart both observed a Lowe's employee watering plants in one of the store's two aisles when they entered. *Id.* at 63; doc. 22, att. 2, pp. 11–12. Accordingly, they went in the other direction to avoid her. Doc. 22, att. 1, p. 63. Plaintiff testified that the path was clear when she first started to walk down the aisle but that she tripped over the hose about halfway down, evidently because the employee had changed positions. *Id.* at 63–64. Ms. Stewart testified that she was walking ahead of plaintiff and that she saw the hose and walked over it. Doc. 22, att. 2, pp. 13–14. Plaintiff, however, testified that she was walking a few steps ahead of Ms. Stewart. Doc. 22, att. 1, pp. 68–69. Ms. Stewart also testified that the employee had changed position and thus caused the hose to move. Doc. 22, att. 2, pp. 15–16.

As Lowe's notes, courts have found that hoses on the ground in places where they can reasonably be expected are open and obvious hazards. *See Smith v. Fed. Cleaning Contractors, Inc.*, 126 F. App'x 672 (5th Cir. 2005) (hose being used to clean a mall entrance); *Morel v. Cheema Props., LLC*, 216 So.3d 383 (La. Ct. App. 5th Cir. 2017) (hose being used to clean gas station entrance); *Lafaye v. SES Enterps., LLC*, 318 So.3d 1052 (La. Ct. App. 4th Cir. 2018) (hose on sidewalk connected to sanitation truck). In all of those matters, however, the hose was stationary and situated on pedestrian walkways, rather than

inside a shopping center. Here the testimony of both plaintiff and her friend establishes that the hose was being moved about the garden center as they were shopping. There is conflicting testimony as to which person took the lead as they headed down the aisle and, therefore, whether anyone actually observed the hose in the aisle before plaintiff fell. The Louisiana Supreme Court has emphasized that a patron in a self-service store reasonably assumes that the aisles are clear for purchase and focuses on the displayed merchandise rather than the path in front of her. *Perez v. Wal-Mart Stores, Inc.*, 608 So.2d 1006, 1008 (La. 1992); *see also Broussard v. Wal-Mart Stores, Inc.*, 741 So.2d 65 (La. Ct. App. 3d Cir. 1999); *Doiron v. Wal-Mart Stores, Inc.*, 672 So.2d 249 (La. Ct. App. 4th Cir. 1996). That appears to be the case here. A reasonable trier of fact, weighing the above evidence, could conclude that the hose presented an unreasonable risk of harm.

As the Louisiana Supreme Court recently clarified, however, the "open and obvious hazard" question is not "a jurisprudential doctrine barring recovery" and is instead just one factor within the breach of duty element of a duty/risk analysis. *Farrell v. Circle K Stores, Inc.*, 359 So.3d 467, 478 (La. 2023). Under this analysis, a plaintiff must prove five elements: (1) the defendant's duty to conform his conduct to a specific standard (the duty element), (2) the defendant's failure to do so (the breach element), (3) that the defendant's substandard conduct was the cause-in-fact of plaintiff's injuries (the cause-in-fact element), (4) that the defendant's conduct was a legal cause of plaintiff's injuries (the scope of duty element), and (5) actual damages (the damages element). *Id.* at 473. Under the breach element, the factfinder must conduct a cost-benefit analysis on the risks and utilities of the condition. *Id.* at 476 (citing *Broussard*, 113 So.3d at 184–85). To this end the court weighs:

1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Id.* at 474. Accordingly, a defendant may still be entitled to summary judgment if it shows based on this test "that reasonable minds could only agree that the condition was not unreasonably dangerous; therefore the defendant did not breach the duty owed." *Id.* at 478.

Under the utility factors, there is no dispute as to the utility of keeping plants at a garden store watered. On the other hand, under the fourth factor, there is also great social utility in plaintiff's activity of shopping and this activity is not dangerous by its nature. Under the second factor, however, the testimony of plaintiff and her friend conflict as to the obviousness of the condition. Plaintiff maintains that the aisle was clear as she started down it and that the hose moved into her pathway at some point thereafter, indicating that the employee was moving about and dragging the hose across the path of shoppers whose attention might be diverted. The cost of preventing such harm, if plaintiff's version is correct, would have been minimal: plants could be watered outside of peak shopping hours or the employee could ensure the aisle was clear before repositioning the hose. Accordingly, fact issues prevent the court from determining whether defendant breached a duty in relation to an unreasonably dangerous condition.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 21] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 26th day of April, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE